IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN (LITTLE ROCK) DIVISION

DWAIN SMITH                                                    PLAINTIFF

VS.                              CASE NO. 4:12-CV-268 KGB

CONWAY COUNTY, ARKANSAS,
A Public Body Corporate and Politic,
MIKE SMITH, In His Official Capacity as
Sheriff for Conway County, Arkansas,
RICK EMERSON, In His Individual and Official
Capacity as Jail Administrator for Conway County
Detention Center, JACOB ZULPO, In His
Individual and Official Capacity as Jailer for the
Conway County Detention Center, and JANSEN CHOATE
(incorrectly named as "Joe Choate" in Complaint),
In His Individual and Official Capacity as Jailer for
the Conway County Detention Center                             DEFENDANTS

## COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT AND STATEMENT OF FACTS

Come now, the Conway County Defendants, and for their response to Plaintiff's motion for summary judgment, do hereby say:

Plaintiff claims that his constitutional rights were violated when Defendant Zulpo deployed a taser on him on February 28, 2012 in the Conway County Detention Center. Plaintiff is not entitled to summary judgment as a matter of law regarding his claims against the defendants.

I.       **Response to Plaintiff's Statement of Indisputable Material Facts**

1.       Admit.

2.       Admit.

1

3.     Defendants are without sufficient information to admit or deny Statement No. 3 and therefore deny.

4.     Admit that the plaintiff was taken to the Conway County Detention Center in Morrilton, Arkansas, where he had been on two separate occasions but assert that the Plaintiff told employees at the Conway County Detention Center that he suffered from back pain. (Smith intake medical form).

5.     Defendants are without sufficient information to admit or deny whether Plaintiff was on the medications listed in paragraph 5 and thus deny. However, Plaintiff only informed employees at the Conway County Detention Center that he was taking Hydrocodone and prostate medications. (Smith Medical Information Form).

6.     Defendants are without sufficient information to admit or deny Statement No. 6 and thus deny. However, admit that the plaintiff was booked into the jail and initially placed in a cell with other inmates.

7.     Deny. According to employees at the Conway County Detention Center, the Plaintiff was moved to "A"-Block due to him being disruptive to the other inmates and talking about hurting himself. Choate depo at 27.

8.     Admit that Ms. Gregory was advised that Mr. Smith was in pain and that he needed medication. Choate depo at 27.

9.     Deny as stated, Jailer Choate talked to the Jail Administrator and informed him of the situation. Officer Zulpo talked to Rick Emerson and was

told that he was not going to take the Plaintiff to the hospital, and that he would see the doctor first thing in the morning. Zulpo depo at 20.

10.    Deny as stated, Officer Zulpo told Officer Choate that "we need to move him up here and try to give him some medicine and keep an eye on him, and do a medical observation on him." Zulpo depo at 21.

11.    Deny as stated, Defendants assert that the plaintiff did not use the intercom system but that an inmate in another cell used the intercom to inform the staff that the plaintiff was screaming.

12.    Deny. See Defendants Response to 11.

13.    Admit.

14.    Admit.

15.    Deny as stated, former Jail Administrator Rick Emerson authorized jailers to use a taser if there was a hazard to a jailer's safety. Choate Pg. 8 and Zulpo Pg. 15-16.

16.    Deny as stated, Defendants admit that when Rick Emerson was the jail administrator that there were signs posted concerning the behavior of inmates and informing inmates that they could be tased if they did not comply with jailers and that Cheryl Eoff removed the signs when she became the jail administrator. Defendants understood and stated in their depositions that they could not use a taser if an inmate just refused to comply with orders. Chaote Pg. 8 and Zulpo Pg. 15-16.

17.    Admit that Defendant Zulpo stated that Rick Emerson

3

repeatedly told jailers that if an inmate was not complying with their orders, then they were allowed to use the Taser to force compliance with their orders but assert that the Officers knew that they could not use a taser if an inmate just refused to comply with orders that each situation was different.  Chaote Pg. 8 and Zulpo Pg. 15-16.

18.    Deny, Zulpo testified in his deposition that Rick Emerson held regular meetings with the staff.  Zulpo depo at 12.

19.    Admit.

20.    Admit.

21.    Deny as stated, see Defendants Response to 15-18.

22.    Deny as stated.  Chaote Pg. 8 and Zulpo Pg. 15-16.

23.    Deny as stated, Defendants deny that Rick Emerson told Officer Zulpo that "under no circumstance, were he to take Mr. Smith to the emergency room.  Mr. Zulpo believed that Officer Choate had advised Rick Emerson about Mr. Smith complaining about being in pain and wanting to go to the hospital.

24.    Deny.  Mr. Zulpo believes that Rick Emerson told him to keep an eye on him, but we were not going to take him to the hospital, and that he would see a doctor the first thing in the morning.  Zulpo at 20.

25.    Deny.  Mr. Zulpo was informed by an employee on the earlier shift that the Plaintiff was moved to A Block because he was involved in an altercation with another inmate.  Zulpo Rog No. 5.

26.    Admit.

4

27.    Admit.

28.    Admit.

29.    Admit that Mr. Choate spoke to Rick Emerson, telling him that Mr. Smith was in pain, and requesting that he be taken to the emergency room. Mr. Emerson told Mr. Choate that Mr. Smith was not going to the emergency room, and that he had to wait until the morning to see the doctor.  That Mr. Emerson told Zulpo to bring the Plaintiff to a holding cell in the front of the jail to be observed.  Defendants deny that Mr. Emerson did not want Mr. Smith to be taken to the hospital, because the county would be responsible for the bill.

30.    Admit.

31.    Admit.

32.    Admit that Zulpo tried to apply a pressure point technique after the plaintiff resisted Zulpo's attempts to assist him and that Zulpo was trying to get ahold of the Plaintiff and that during that time Zulpo was kicked by the Plaintiff.  Zulpo Statement and Choate at 38.

33.    Deny as stated, bu admit that the Plaintiff is resisting any attempts by Zulpo to control his movement, that he is yelling and screaming and that Zulpo advised Smith that he needed to calm down, and get up to move to the observation cell or he would be tased.  Zulpo statement, Choate statement and Choate Depo Pg. 33.

34.    Deny as stated, See Response to 32.

35.    Deny as stated See Response to 32.

5

36.     Deny as stated, the plaintiff continued to scream and yell and would not get up to be moved. Officer Zulpo warned the plaintiff several times that he would be tased and then counted to three before he was tased for the second time. Choate at 37.

37.     Admit that the Plaintiff was crying stating that he could not get up, was told that he had to get up on his own and that he kicked Officer Zulpo. Defendants deny that he kicked (accidentally or not) Officer Zulpo during the tasering process but that he kicked Officer Zulpo before Officer Zulpo deployed the taser.

38.     Admit but state that the plaintiff continued to resist any efforts made by Zulpo to move the plaintiff.

39.     Admit.

40.     Admit.

**II.     Response to Plaintiff's Motion for Summary Judgment**

Defendants adopt and incorporate herein by reference as it set forth word for word its Brief in Support of Motion for Summary Judgment and the Summary of Indisputable Facts filed in this case and assert that Plaintiff's Motion for Summary Judgment should be denied for the following reasons:

The Plaintiff alleges that the use of a taser by the Officer Zulpo amounts to excessive force. The Plaintiff however, includes in paragraph 36 of his Statement of Undisputed Facts that "During the tasering process, Mr. Smith accidently kicked Mr. Zulpo." The facts are not in dispute however as Officer Choate in his deposition clearly states that "Zulpo was trying to get ahold of him, to kind

6

of control him, and when doing this, Zulpo was accidently kicked in the mouth." Officer Zulpo in

his statement and deposition clearly states that he was trying to control the plaintiff and was kicked

by the plaintiff.

For the reasons stated in the Defendants Brief in Support of Motion for Summary Judgment,

the Defendants assert that the use of a taser is reasonable force when an inmate resists a jailers

attempts to move him to a different cell for his own benefit and kicks the jailer.

**Plaintiff fails to establish a constitutional violation:**

In the present case however, Officer Zulpo witnessed the plaintiff walk to "A" Block earlier

that day after he had stated that he was going to hurt himself. He was yelling and screaming stating

that he needed to go to the emergency room because of his back. The Officers went to take him from

A Block to a holding cell at the front of the jail for observation until the next morning when he was

going to be taken to see a physician. When Officer Zulpo and Officer Choate went back to take him

to the holding cell, he wouldn't get up to go. In fact, when Officer Zulpo went towards him, he

moved back on his bunk, further towards the wall. Officer Zulpo explained that he needed to go

with them to the holding cell for observation. Officer Zulpo used a pressure point technique on the

Plaintiff to stop him from resisting. While Officer Zulpo was attempting to use the pressure point

technique, the Plaintiff kicked out at him. There is no dispute that the Plaintiff's leg made contact

with Officer Zulpo. Officer Zulpo considered the kick, along with the movement away from the

officers as resistance and an aggressive stance taken by the Plaintiff. Officer Zulpo warned the

Plaintiff several times about coming out from the bed before deploying a five second burst with the

taser. Plaintiff in his Brief cites to *Hickey v. Reeder*, 12 F.3d 754 (8th Cir. 1993). However, the

present case presents a different issue. In that case the inmate was threatened with a stun gun

7

because he refused to sweep his cell. The facts in this case are that the jailers were told to move the Plaintiff to the observation cell so he could be monitored more closely by jail staff. Officer Zulpo approached the Plaintiff in his cell to move him to the other cell but was met with resistance. The Plaintiff moved away from the officer and moved back closer to the wall making it more difficult for an officer to help him. Officer Zulpo went to gain control of the situation by using a pressure point technique on the Plaintiff. The Plaintiff kicked out at Officer Zulpo and hit his body. The Plaintiff was tased by Officer Zulpo. The Plaintiff indicated that he could not get out of his bunk due to his injuries but he was warned by Officer Zulpo that he needed to get up or he would be tased again. Officer Zulpo was told that the Plaintiff was in A Block because he'd been in an altercation earlier that day. The Plaintiff kicked out at Officer Zulpo and was resistant to any efforts to move him. Moving away from an officer in the tight confines of a prison cell can be taken as an act of defiance and when the officer was struck by the Plaintiff (accidental or not), it is reasonable for an officer to determine that the inmate is a threat to the officer's safety. Plaintiff fails to establish a claim of excessive force, and Plaintiff should not be entitled to summary judgement.

**Defendant Conway County Does Not Have an Unconstitutional Policy, Custom, or Practice:**

Plaintiff argues that he was tased because he did not get out of his bunk when he was told to do so. Plaintiff further argues that Rick Emerson, the former Jail Administrator, had a policy of allowing his officers to use the Taser as a tool to force compliance.

Officers Zulpo and Choate testified that although there were signs posted stated that inmates could be Tased if they did not comply with Orders that they did not Tase inmates for not complying with Orders but that the Taser was used for officer safety. See Defendants SIMF. Defendants assert

8

that in the alternative, and for argument purposes only, there are genuine issues of material fact that would prevent the Plaintiff's Motion for Summary Judgment.

**Qualified Immunity:**

As asserted in Defendants Brief in Support of Motion for Summary Judgment, Defendants are entitled to qualified immunity. Plaintiff has not shown Defendants intentionally caused Plaintiff to be deprived of any clearly established right while he was incarcerated in the Conway County Detention Center. Plaintiff should not be entitled to summary judgment as a matter of law as to his claim that Defendants are not entitled to qualified immunity.

Accordingly, Plaintiff should not be entitled to summary judgment as a matter of law.

WHEREFORE, the County Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied, for their costs, expenses, and fees, and for all other relief they are entitled to receive under the law.

Respectfully submitted,

CONWAY COUNTY, ARKANSAS, MIKE
SMITH, in his official capacity, RICK EMERSON,
JANSEN CHOATE, and JACOB ZULPO in their
individual and official capacities,
*Conway County Defendants*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: thompson@rainfirm.com


By:      */s/Geoffrey Thompson*
         Michael R. Rainwater, #79234
         Geoffrey Thompson, #2002093


## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system, notice will be sent to the following CM/ECF user:

Mr. Austin Porter, Jr.
Porter Law Firm
The Tower Building
323 Center Street, Suite 1300
Little Rock, AR 72201


         */s/ Geoffrey Thompson*
         Geoffrey Thompson
         Attorney for Defendants
         RAINWATER, HOLT & SEXTON, P.A.
         P.O. Box 17250
         6315 Ranch Drive
         Little Rock, Arkansas  72222-7250
         Telephone (501) 868-2500
         Telefax (501) 868-2505
         email: thompson@rainfirm.com